**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BEN OGBODIEGWU,** | § | |
| | § | |
| **V.** | § | **A-14-CV-987-LY** |
| | § | |
| **CITY OF AUSTIN, ET AL.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Carl Smart's Motion to Dismiss (Dkt. No.8) and Plaintiff's Response (Dkt. No. 10).  Having reviewed the Motion, Response and Plaintiff Ben Ogbodiegwu's ("Ogbodiegwu") Original Complaint, the Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. ANALYSIS

Ogbodiegwu brings this lawsuit on behalf of Push-Up Foundations, Inc. ("Push-Up") against Defendants Carl Smart ("Smart") (in his official capacity as Director of the Austin Code Department), City of Austin Building and Standards Commission ("BSC"), Don Ploeger (Former Assistant City Attorney) ("Ploeger"), and Jeffrey Howard (Plaintiff's former attorney) ("Howard"), alleging bribery, retaliation, breach of contract, and discrimination against Push-Up in violation of the Equal Protection Clause of the 14th Amendment pursuant to 42 U.S.C. §1983. (Dkt. No 1, ¶¶ 2-6, 13, 15, 20, 27, 29, 32).  Plaintiff served Defendant Howard and he filed an Answer on November 20, 2014. (Dkt. No. 6).  Smart was also served and filed the instant motion to dismiss as

his responsive pleading.   It appears that Plaintiff attempted service on Defendant Ploeger and summons was returned unexecuted on November 3, 2014. (Dkt. No. 3).  It does not appear that he or the City of Austin have been served in this case.

### A.      Standard of Review

In the instant motion, Smart moves to dismiss Ogbodiegwu's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that Ogbodiegwu has failed to state a claim upon which relief may be granted.[1]  Dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### B.      Standing

Ogbodiegwu is proceeding pro se and has named himself as the Plaintiff.  However, he states in the Original Complaint that he "brings this action individually as the Executive Director of Push-Up Foundations, Inc." (Dkt. No. 1at 2).  Moreover, all of the allegations in the Original Complaint relate to harms to Push-Up Foundations, Inc., and not to Ogbodiegwu as an individual.[2]  Any damage suffered by Ogbodiegwu is derivative of the injury done to Push-Up Foundations, Inc.  *See Walker*

---

[1] Smart also argues that he is entitled to qualified immunity for the claims against him. Because the Court finds that Ogbodiegwu cannot bring pro se personal claims on behalf of Push-Up Foundations, Inc., the Court does not address the immunity issue.

[2] "The City of Austin has harassed and punished Push-Up Foundations as a part of a scheme to divert federal funds from their intended purpose of supporting social service and minority enterprise in slum and blighted neighborhoods . . .the City of Austin has always used the Uniform Housing Code . . .against Push-Up Foundations in order to take its properties." (Dkt. No. 1, ¶ 7).

*v. Webco Indus., Inc.*, 562 F. App'x 215, 2014 WL 1388923, at *1 (5th Cir. 2014) (per curiam). In brief, Ogbodiegwu is attempting to bring suit in his own name on behalf of a corporate entity, which he cannot do. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 277 (5th Cir. 1997) (holding that a stockholder in a corporation does not have standing to bring suit in his own name for injuries sustained by the corporation, even where that individual is the sole shareholder of a corporation).[3] In order for Push-Up Foundations, Inc., to recover on its claims, it must sue on its own behalf. Ogbodiegwu does not have standing to do so, nor can he individually recover for alleged harms to Push-Up Foundations, Inc.

### C.    Pro Se Representation

Additionally, a corporation cannot proceed pro se. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (explaining that 28 U.S.C. § 1654 authorizes individuals to appear pro se, however, since the statute is silent regarding corporations, it has been interpreted as requiring corporations to appear with an attorney); *In Re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) ("[t]he law is clear that a corporation as a fictional legal person can only be represented by licensed counsel. This is so even when the person seeking to represent the corporation is its president and major stockholder."). "A corporation can appear in a court of record only by an attorney at law." *Southwest Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982) (quotation omitted). Ogbodiegwu is not a lawyer and therefore cannot appear in federal court representing

---

[3]*See also., Gregory v. Mitchell*, 634 F.2d 199, 202 (5th Cir. 1981) (holding that shareholders in bank could not maintain section 1983 action in respect to treatment of bank as only the bank suffered any cognizable injury); *Schaffer v. Universal Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968) (explaining that a "stockholder's rights are merely derivative and can be asserted only through the corporation" and that this "rule is applicable in cases where the individual is the sole shareholder").

Push-Up Foundations, Inc., or its interests. Push-Up Foundation, Inc., must sue on its own behalf and must retain an attorney.

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon,* 385 F.3d at 873. "The [court] might, inter alia, admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case without prejudice and allow the corporation to re-file." *Id.* at 873, n.4. Accordingly, because Mr. Ogbodiegwu cannot represent Push-Up Foundations, Inc., or bring § 1983 claims in his own name on behalf of Push-Up Foundations, Inc., the Court recommends that the District Judge dismiss this case without prejudice.

## II. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Judge **GRANT IN PART** Carl Smart's Motion to Dismiss (Dkt. No.8) and **DISMISS** all of Ogbodiegwu's claims against all Defendants **WITHOUT PREJUDICE** as to re-filing with counsel and with the corporation as plaintiff.

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of February, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE